**PENN et al. v. HARE.    (No. 2262.)**

(Court of Civil Appeals of Texas.    Texarkana.
June 17, 1920.    Rehearing Denied
July 3, 1920.)

**1. Contracts ⬤⟾176(2)—Contract of doubtful meaning to be construed by court.**

Where there is a doubt as to the meaning of a contract in writing arising from the language used, and not from extrinsic matters, the question as to what the parties meant is for the court, and not the jury.

**2. Landlord and tenant ⬤⟾328(2)—Landlord held entitled to lien on tenant's share of crop for advancements.**

Under a lease of land on shares, held, that lessor was entitled to a lien on lessee's half interest in the crop raised for money advanced, and that such money was to be all taken out of lessee's share, notwithstanding a clause, "Of the net proceeds, after deducting and repayment to the party of the first part of the sums that may have been advanced by him of the sale of cotton raised from said aforesaid farm, one-half shall be the property of the party of the first part, and the remaining one-half shall be the property of the party of the second part."

**3. Contracts ⬤⟾162—Construction of contracts containing inconsistent clauses.**

Where two clauses of a contract are inconsistent and conflicting, they must be construed so as to give effect to the intention of the parties as collected from the whole instrument, and apparently conflicting provisions must be reconciled, if possible by any reasonable interpretation; it being necessary for this purpose to consider the entire instrument and the surrounding circumstances.

**4. Contracts ⬤⟾162—When repugnant clauses avoid contract.**

Where two clauses in a contract are so repugnant that they cannot stand together, the first will be retained and the second rejected,

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

unless the inconsistency is so great as to avoid the instrument for uncertainty, and this rule is the more readily applied where the instrument is apparently carelessly drawn.

**5. Landlord and tenant ⬥=328(1)—Lease on shares not invalid as requiring more than one-half crop as rent.**

A lease wherein lessor was to furnish at his own charge and expense the seeds, teams, feed, and tools necessary· to make the crops, and lessee was to furnish at her own charge and expense the labor necessary to grow and harvest same, the lessor to have a lien on lessee's interest in the crops as security, for sums advanced, was not within the prohibition of Vernon's Sayles' Ann. Civ. St. 1914, art. 5475, as amended by Act March 5, 1915 (Laws 1915, c. 38 [Vernon's Ann. Civ. St. Supp. 1918, art. 5475]), against the charge by a landlord of more than one-half such crops as rent.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Action by Mrs. Odessa Penn and another against John T. Hare. Judgment for defendant, and plaintiffs appeal. Affirmed.

Appellant Mrs. Odessa Penn rented land of appellee. By the terms of the contract the latter was to furnish, at his own charge and expense, the seed, teams, feed, and tools necessary to make the crops, and the former was to furnish, at her own charge and expense, the labor necessary to grow and harvest same. Appellee was to advance to Mrs. Penn money and provisions she might need, and was to have a lien on her interest in the crops ás security for sums due him therefor. In performance of his undertaking appellee advanced $2,994.05 to Mrs. Penn. The controversy between the parties was as to how this $2,994.05 was to be repaid. Appellee contended that by force of the agreement between them one half of the crops was to belong to him, and the other half to Mrs. Penn, and that her half was to be charged with the payment of the said $2,994.05. Mrs. Penn, on the other hand, contended that the $2,994.05 was not to be charged against her part of the crops, but against all of same, and that after deducting the $2,994.05 from the value of the entire crops one-half of what was left was to belong to her and the other one-half to appellee. Her contention was based on a clause in the contract as follows:

"Of the net proceeds, after deducting and repayment to the party of the first part of the sums that may have been advanced by him of the sale of cotton raised from said aforesaid farm, one-half shall be the property of the party of the first part, and the remaining one-half shall be the property of the party of the second party."

It was on the theory stated that Mrs. Penn, joined by her husband, the other ap-

pellant, brought her suit against appellee for $2,000, which she claimed was the value of her part of the crops after all charges against same were paid, and which, she charged, appellee had converted to his own use by means in part of a distress warrant which he had had levied on same. She alleged that appellee's act in having the distress warrant levied was unlawful and malicious, and sought a recovery against him of exemplary damages. Notwithstanding the clause quoted above, ·the trial court thought it appeared as a matter of law from the contract as a whole that the intention of the parties to it was in accordance with appellee's contention. Therefore he instructed the jury to return a verdict for appellee; and, the jury having done ·that, he rendered judgment that Mrs. Penn take nothing by her suit, and that appellee (whose suit against her for a balance he claimed was due him of the $2,994.05 advanced as stated had been consolidated with hers) recover of her the sum of $516.60.

Atkinson & Atkinson, of Houston, for appellants.

Campbell, Amerman & Nicholson, of Houston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It is insisted that when considered, as it should have been, with reference to its language and the circumstances shown by the testimony, the meaning of the contract was doubtful; that the trial court therefore should have had the jury to determine its meaning, and hence erred when, construing it himself, he peremptorily instructed the jury as he did. The contention is overruled. The contract was in writing, and the doubt as to its meaning arose from the language the parties used, and not from extrinsic matters. In such a case the law seems to be well established that the question as to what the parties meant is for the court, and not the jury. Simkins on Contracts, 494 et seq.; 2 Elliott on Contracts, 855, 858; 6 R. C. L. 862, 863; 13 C. J. 796.

Another insistence is that the trial court, having usurped, it is charged, a right which should have been exercised by the jury, construed the contract to mean that the proceeds of the crops were to be divided into two equal parts; that the sum advanced by appellee to Mrs. Penn was to be deducted from one of the parts; that what was left of that part was then to be divided into two equal parts, one of which was to belong to Mrs. Penn, and the other of which, together with the other half of the entire proceeds, was to belong to appellee; whereas he should have construed it to mean that the sum advanced by appellee was to be deducted from the entire proceeds, when the part left was to be divided equally between the par-

ties. Had the trial court construed the contract as charged, it would have been error; but he did not so construe it. What he did construe it to mean, as is shown by the account he stated between the parties in the judgment, was that the proceeds of the crops were to be divided into two equal parts, one of which was to belong to appellee, and the other of which, after deducting therefrom the sum appellee advanced to Mrs. Penn, was to belong to her.

[2-4] Notwithstanding the inconsistent and contradictory language in the contract, we think it is reasonably clear that the parties meant what the trial court determined they meant. The rule applicable where such language is found in a contract is stated as follows in 13 C. J. 535:

"Where two clauses are inconsistent and conflicting, they must be construed so as to give effect to the intention of the parties as collected from the whole instrument, and apparently conflicting provisions must be reconciled, if possible by any reasonable interpretation, it being necessary for this purpose to consider the entire instrument and the surrounding circumstances. * * * Where two clauses are so repugnant that they cannot stand together, the first will be retained, and the second rejected, unless the inconsistency is so great as to avoid the instrument for uncertainty, and this rule is the more readily applied where the instrument is apparently carelessly drawn."

[5] Still another contention is that, if the parties meant what the trial court determined they meant, the contract was within the prohibition in article 5475, Vernon's Statutes, as amended by the act of March 5, 1915 (Laws 1915, c. 38 [Vernon's Ann. Civ. St. Supp. 1918, art. 5475]), against the charge by a landlord who furnishes the tenant everything necessary to make the crops, except the labor, of more than one-half such crops as rent. The contention is based on the misapprehension pointed out above as to what the trial court construed the meaning of the contract to be. Construing it as that court construed it, the contract clearly was not subject to the objection urged to it.

Other contentions presented by the assignments also are overruled, and the judgment is affirmed.